**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 27, 2009[*]
Decided August 28, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2227

| | |
|---|---|
| EVELYN M. SMITH, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | 06-C-1315 |
| STATE FARM INSURANCE | |
| COMPANY, | C. N. Clevert, Jr., |
|     *Defendant-Appellee.* | *Judge.* |

O R D E R

Investigators working for State Farm Insurance concluded that Evelyn Smith, after defaulting on her mortgage, paid an arsonist $500 to torch her home near Milwaukee and then made a claim against her State Farm homeowner's insurance policy. Smith objected to State Farm's denial of her claim and sued the company in federal court under diversity

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

jurisdiction, alleging it had breached the insurance contract and denied her claim in bad faith. The district court granted State Farm summary judgment. We affirm.

The record, which we construe in Smith's favor, *see Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009); *Crews v. City of Mt. Vernon*, 567 F.3d 860, 864 (7th Cir. 2009), shows the following. Under the insurance contract, State Farm had no duty to pay Smith's claim if State Farm determined that Smith intentionally damaged her home or deceived the company about any material fact regarding the damage. The insurer produced extensive evidence establishing that Smith both intentionally burned her home and lied about it: Forensic experts determined that the fire had been deliberately set, and Smith's neighbors swore that Smith and her family removed their possessions from the home shortly before the blaze, a fact that Smith denied, but her family members confirmed. Smith's involvement was confirmed by a key witness who declared that she and her brother stopped by Smith's house before the fire, and Smith, pointing to the house, instructed the brother that she wanted "all of this taken down." The witness didn't appreciate the significance of this incident until after the fire, when her distraught brother came to her, and, shortly before killing himself, admitted that he was responsible for burning Smith's house, as well as another arson-for-hire. Lastly, as for the deception, when State Farm's team was investigating what happened to the furniture and other property from the house, Smith told them that she did not rent a storage unit. In fact she did, and the missing possessions were in it.

When State Farm moved for summary judgment, Smith took issue with its proposed findings of fact, but presented no evidence of her own. Because Smith had not met her burden of production in establishing breach of contract, and because the tort of bad faith is predicated on an underlying contractual claim, the district court ruled in favor of State Farm.

Smith argues on appeal that the district court should have denied State Farm's motion for summary judgment for a procedural reason: when she first responded to the motion, State Farm had yet to notify her of the consequences of failing to rebut its factual assertions with admissible evidence. Both Local Rule 56.1 of the Eastern District of Wisconsin and our precedent, *see Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), require a party moving for summary judgment to provide such a warning to a pro se litigant, but State Farm's attorney evidently forgot that Smith, who at the start was represented by counsel, was now proceeding pro se. The district judge was patient, and in May 2008, about one month after the original filing in April, he allowed State Farm to amend its motion to include the required notice. Then he gave Smith 30 days to file a new response. Smith contends that this amendment came too late to avoid the prejudice that State Farm's initial

omission caused her.  She argues that, had State Farm warned her of her evidentiary duties a month earlier, she would have obtained an affidavit from an unspecified witness who, she claims, had since changed her mind about testifying, thereby leaving Smith without evidence.

A district court should not grant summary judgment against a pro se litigant who was not adequately apprised of the steps necessary to proceed to trial.  *Timms*, 953 F.2d at 285; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2nd Cir. 1999).  Here, however, summary judgment was granted only after State Farm had notified Smith of her duty to furnish evidence in support of her claims, and after the court gave her an opportunity to correct any deficiencies in her earlier response.  Smith argues that this tardy notice is insufficient because it cost her a chance to gather potential evidence, but Smith would be no worse off if State Farm had never filed its original motion (without the rule-specified notice) in April, and instead filed only its rule-abiding motion in May.  In that case Smith's unnamed witness would have already gotten cold feet, yet Smith could not claim that State Farm had violated some rule by not filing its motion until May.  After all, Rule 56(b) gives a defendant discretion to move for summary judgment any time before trial.  *See Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000).

Furthermore, Smith has not shown that the evidence that she "lost" entitles her to a trial.  *See Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir.1994).  Smith tells us only that she would have produced an affidavit from "one critical and material witness . . . to contradict the allegations" contained in State Farm's motion.  She does not delineate what allegations that affidavit would have contradicted or who the witness was. Without that information it is impossible to evaluate whether the vanished testimony was actually material to the case or otherwise admissible, and therefore whether Smith was prejudiced by its absence.  *See Am. Needle Inc. v. Nat'l Football League*, 538 F.3d 736, 740 (7th Cir. 2008) (noting district court does not abuse discretion in denying Rule 56(f) motion for more discovery where proponent of motion fails to specify what evidence might be discovered that would create a genuine fact issue); *see also Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 568 (7th Cir. 2004) (upholding district court's denial of motion to amend complaint where plaintiff failed to attach proposed amendment, thus preventing court from determining whether amendment would have been futile).

Accordingly, the judgment of the district court is **AFFIRMED**.